**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER REGINALD WILLIAMS,** | : | **CIVIL ACTION NO. 1:26-CV-2492** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **I. RODRIGUE, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff, Christopher Reginald Williams, alleges that defendants violated his civil rights by failing to provide him sufficient mental health care. The complaint will be dismissed with prejudice and this case will be closed.

## I. Factual Background & Procedural History

Williams is incarcerated in Milan Federal Correctional Institution in Milan, Michigan, but he brings this suit alleging constitutional violations by defendants at Lewisburg United States Penitentiary ("USP-Lewisburg") in Lewisburg, Pennsylvania. He filed this case on August 4, 2026, arguing that deficient mental health care by defendants violated his rights under the Eighth Amendment and several other provisions of the Constitution. (Doc. 1). Williams has additionally moved for leave to proceed *in forma pauperis*. (Docs. 2, 9).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is

facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

Although Williams states that his claims are governed by 42 U.S.C. § 1983, (see Doc. 1 at 1), that statute only applies to suits alleging violations of civil rights committed by state officials. Because Williams is a federal inmate, his claims are governed by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. Bivens, 403 U.S. at 397. In over 50 years since Bivens was decided, the Supreme Court has extended Bivens only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

Prior to the Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017), lower courts often recognized Bivens claims in contexts other than those recognized by Bivens, Davis, and Carlson. However, Ziglar and subsequent related cases severely limit the class of cases in which Bivens may proceed. Ziglar sets forth a two-part test for determining whether a Bivens claim may proceed. First, courts must ascertain whether the case presents a "new context." Id. at 138. If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new." Id. at 139. Second, if the case presents a new context, the court must consider whether "special factors" counsel against extending Bivens. Id. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Id. (quoting Hernandez v. Mesa, 589 U.S. 93, 102 (2020)).

The United States Court of Appeals for the Third Circuit has since confirmed that Ziglar and its progeny "unequivocally narrow[] the universe of relevant cases" in the Bivens context "to just three," i.e., Bivens, Davis, and Carlson. Fisher v. Hollingsworth, 115 F.4th 197, 204 (3d Cir. 2024). Under Fisher, "unless a case is indistinguishable from Bivens, Davis, or Carlson, a damages remedy may be created by Congress, but not by the courts." Id. at 205.

Here, the only potentially relevant case is Carlson, where the plaintiff alleged that the defendants were deliberately indifferent to a serious medical need when they failed to treat his asthma, which eventually led to his death. See Carlson, 446 U.S. at 16 n.1. Williams's claims are meaningfully different from Carlson's, because Williams only alleges failure to provide mental health treatment and not a failure to treat a physical ailment. Extending Carlson to claims asserting failure to provide mental health treatment would greatly expand the scope of Bivens liability. The court accordingly concludes that the claims present a new context.

Having concluded that the claims present a new context, the court must determine whether any special factors counsel against extending Bivens to the new context. Fisher controls this analysis. Fisher holds that the BOP's administrative remedy program is a special factor barring extension of Bivens. Fisher, 115 F.4th at 208. Accordingly, because Williams's claims present a new context for Bivens liability and the BOP's administrative remedy program is a special factor counseling against extending Bivens, Williams's complaint will be dismissed.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Leave to amend will be denied as futile because Williams's claims plainly fail as a matter of law as an improper extension of Bivens.

## IV. Conclusion

Williams is granted leave to proceed *in forma pauperis*, and his complaint is dismissed with prejudice for failure to state a claim upon which relief may granted

pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 9, 2026